Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7781 | **DATE** | 5/18/2001 |
| **CASE TITLE** | Deluca vs. Liggett & Myers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum and Order. For the reasons set forth in the order, the retailer defendants' motion to dismiss (9-1) is granted; the claims against defendants Hank Greenberg Wholesale, Inc.; Hank Greenberg; and Roger Keaton are dismissed for failure to state a claim. For the same reasons, the Court finds that these retailers were improperly joined as defendants, making diversity of citizenship complete for purposes of removal. Plaintiff's motion to remand (17-1) is denied. Status hearing set to 6/27/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAY 2 4 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CD-7 FILED FOR DOCKETING | date mailed notice | |
| OR | courtroom deputy's initials | 01 MAY 23 PM 7: 09 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH DELUCA, )
)
        Plaintiff, )
)
vs. ) Case No. 00 C 7781
)
LIGGETT & MYERS, INC.; PHILIP )
MORRIS INC.; R.J. REYNOLDS TOBACCO )
CO.; LORILLARD TOBACCO CO.; HANK )
GREENBERG WHOLESALE INC., d/b/a )
The Old Chicago Smoke Shop; HANK )
GREENBERG, d/b/a The Suburban News )
and Concession, Inc.; and ROGER KEATON, )
d/b/a Shell Gas Station, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Joseph DeLuca, an Illinois citizen, filed this action in state court against four cigarette manufacturers, none of which is a citizen of Illinois, and three retailers, all of which are Illinois citizens, claiming that he suffered personal injury from smoking cigarettes.[1] Defendants removed the case to this Court pursuant to 28 U.S.C. §1441, claiming that the Court has jurisdiction based on diversity of citizenship; they contend that the retailer defendants are fraudulently joined. Plaintiff has moved to remand the case to state court, and the retailer defendants have moved to dismiss the claims against them for failure to state a claim. For the reasons stated below, the Court grants the retailers' motion to dismiss and denies plaintiff's motion to remand.

---

[1] Mr. DeLuca died on December 25, 2000.

## Discussion

1.  **Defects in removal petition**

All defendants must join in or consent to a notice of removal within the 30-day period provided by 28 U.S.C. ¶1441. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1198, 1200 (S.D. Ind. 2001) (citing *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998)). Plaintiff argues that defendants' removal petition was defective in this case because Liggett & Myers neither joined in nor consented to removal. The original notice of removal in this case stated that "[a]ll named Defendants join in or consent to this Notice of Removal . . . ." Notice of Removal, ¶8. But this is not enough. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (to "join" a motion is to support it in writing; mere assertion in notice of removal that all defendants have stated that they do not object to removal is not enough to satisfy this requirement). *See also Production Stamping Corp. v. Maryland Casualty Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993) ("The mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder."); *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1200 n.1 (it is not adequate for one defendant merely to recite in its notice of removal that the other defendants consent to removal; each defendant must formally consent to the removal within thirty days.") (citing *Newman v. Spectrum Stores*, 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000)).

On January 25, 2001, Liggett & Myers' attorney, James Morsch, filed a certification with the Court stating that he "consented to and joined in the removal of the lawsuit on behalf of L&M." Although this would certainly satisfy the "joinder or consent" requirement, the certification came more than thirty days after the L&M was served with the complaint: though

2

the record does not show exactly when L&M was served, the motion to correct the removal petition says the defendants were served on December 4, 2000, and Morsch's certification makes clear that L&M had at least been served by December 12, 2000. Although it is true that any defect in the removal procedure requires remand, *see Central Laborers Welfare Fund v. Philip Morris Inc.*, 85 F. Supp. 2d 875, 881 (S.D. Ill. 1998) (citing *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992)), it is also true that, even after the thirty days have elapsed, amendments to correct "defective allegations of jurisdiction" are permitted. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982). *See also Van Horn v. Western Electric Co.*, 424 F. Supp. 920 (E.D. Mich. 1977) (though removal statutes are strictly construed against removal, the court should not indulge in formalism or sterile technicality), *quoted in Airco*, 676 F.2d at 274 n.2. L&M ultimately expressed in no uncertain terms that it joined in and consented to the removal of this case, and had done so within the thirty day period. The Court will not remand the case on this pointlessly formalistic basis.

**2. Waiver of right to remove**

DeLuca argues that by taking certain actions while the case was still pending in state court, defendants waived their right to remove the case. DeLuca filed his complaint on November 29, 2000; due to his failing health, together with the complaint he filed an emergency motion seeking to perpetuate his testimony by way of a deposition. The motion was heard in state court on December 7. Defendants, who had just been served, opposed the motion, arguing that they were entitled to some discovery in order to prepare to cross-examine DeLuca. The state court ordered the deposition to proceed on December 18. The next day, defendants served DeLuca's wife with a subpoena for her deposition, scheduling it for December 14; they also

served DeLuca with written discovery requests. The removal petition was filed on December 13; the depositions of both Mr. and Mrs. DeLuca took place after the case had been removed.

Though it is possible for a defendant to waive its right to remove a case, this "occur[s] only where the parties have fully litigated on the merits." *Rothner v. City of Chicago,* 879 F.2d 1402, 1416 (7th Cir. 1989). That is not what occurred here. There was no litigation on the merits in state court; only preliminary procedural skirmishing took place. Defendants were forced to scramble based on the exigent situation that presented itself immediately after service of summons. The fact that they opposed plaintiffs' emergency motion to perpetuate his testimony, and then took preliminary steps after that motion was granted to try to prepare for that deposition, does not constitute a waiver of their right to remove.

### 3. "Fraudulent" joinder

The defendants have attempted to invoke this Court's diversity jurisdiction, which means they must demonstrate that diversity of citizenship is complete. To that end, they argue that the Court should disregard the citizenship of the non-diverse retailers (defendants Hank Greenberg Wholesale, Inc., d/b/a The Old Chicago Smoke Shop, Ltd.; Hank Greenberg, d/b/a the Suburban News and Concession, Inc.; and Roger Keaton, d/b/a Shell Gas Station) because those defendants were fraudulently joined. When a defendant asserts that a co-defendant was fraudulently joined, that defendant bears a "heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the co-defendant." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court, or where there has been

4

outright fraud in plaintiff's pleading of jurisdictional facts." *Central Laborers Welfare Fund v. Philip Morris Inc.*, 85 F. Supp. 2d at 881 (quoting *Hoosier Energy Rural Electric Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994)). The defendants have not argued the latter; our analysis is limited to consideration of whether DeLuca can state a cause of action against any of the retailers.

The defendants argue that DeLuca has no cause of action against the retailers because (1) his claims are preempted by the Federal Cigarette Labeling and Advertising Act ("Labeling Act"), 15 U.S.C. §§1331-1341; (2) the dangers were already known to him and to the public; and (3) claims against these defendants are barred by 735 ILCS 5/2-621. Taking the last claim first, the Court disagrees that the claims against all the retailers are barred by the Illinois Distributor Statute, 735 ILCS 5/2-621, which governs product liability claims against non-manufacturer defendants. The statute provides that in a product liability action, once the plaintiff has sued the manufacturer or manufacturers and they have responded to the complaint, the court shall order the dismissal of non-manufacturer defendants (such as distributors and retailers). *Id.* §2-621(b). However, the statute contains a number of exceptions, one of which clearly applies here: it states that a non-manufacturer defendant should not be dismissed if the plaintiff can show that the non-manufacturing defendant had actual knowledge of the defect in the product which caused the injury, death or damage. *Id.* §2-621(c)(2). DeLuca's allegations bring his claim within this exception; DeLuca alleges that defendant Hank Greenberg Wholesale d/b/a Old Chicago had actual knowledge that cigarettes were addictive and dangerous to the health of purchasers, Complaint, Count 9, ¶4. The Court therefore will not find fraudulent joinder on this basis.

The Court concludes, however, that DeLuca's claims against the retailers are preempted

5

by the Labeling Act. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 521 ( 1992), instructs that in resolving the preemption question "we ask whether the legal duty that is the predicate of the common-law damages action constitutes a 'requirement or prohibition based on smoking and health . . . imposed under State law with respect to . . . advertising or promotion,' giving that clause a fair but narrow reading." *Id.* at 524. In this case it is. DeLuca's claims against the retailers are all predicated on a theory that they failed to warn adequately of the dangers of smoking cigarettes. *See* Complaint, Counts 9-11, ¶¶4, 6c, 6e. In his motion to remand and his response to the motion to dismiss, DeLuca contends that his claims are based on a theory of fraudulent misrepresentation. But the propriety of federal jurisdiction is determined based on the complaint as it existed at the time of removal, and DeLuca's complaint does not contain allegations sufficient to support a claim of fraudulent misrepresentation against the non-manufacturer defendants. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939); *W.H. Avitts v. Amoco Production Co.,* 111 F.3d 30, 32 (5th Cir. 1997); *Pfeiffer v. Hartford Fire Insurance Co.,* 929 F.2d 1484, 1488 (10th Cir. 1991). And even if it did, the fact is that stripped of any descriptive label, *see Lacey v. Lorillard Tobacco Co.,* 956 F. Supp. 956, 963 (N.D. Ala. 1997), DeLuca's claims against the non-manufacturers are undeniably predicated upon an alleged obligation to warn of the health risks associated with smoking. As such, those claims are preempted; there is no possibility that plaintiff can maintain a claim against the non-manufacturer defendants.

## Conclusion

For the reasons stated above, the retailer defendants' motion to dismiss [19-1] is granted; the claims against defendants Hank Greenberg Wholesale, Inc.; Hank Greenberg; and Roger

Keaton are dismissed for failure to state a claim. For the same reasons, the Court finds that these retailers were improperly joined as defendants, making diversity of citizenship complete for purposes of removal. Plaintiff's motion to remand [17-1] is denied.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 18, 2001